UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CEDRIC SPEARS (#352089)**

**VERSUS**

**DEPARTMENT OF CORRECTIONS, ET AL.**

CIVIL ACTION

NO. 15-345-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.[1] Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 23, 2015.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] In another matter pending in this district, the plaintiff informed the court of an updated address as of October 11, 2015. (R. Doc. 15 in 15-495-SDD-RLB). The plaintiff has not, however, provided that same notice in this instant matter. The Clerk's office is directed to send this Report and Recommendation to the Plaintiff's address of record in this matter and also to the updated address he provided in 15-495-SDD-RLB.

Spears-Jackson Parish Correctional Center

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CEDRIC SPEARS (#352089)

VERSUS

DEPARTMENT OF CORRECTIONS, ET AL.

CIVIL ACTION

NO. 15-345-BAJ-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate currently confined[2] at the Beauregard Parish Transitional Work Program, Dequincy, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against the Department of Corrections ("DOC") and Secretary James Leblanc, complaining that his constitutional rights are being violated due to an improper time calculation and unlawful detention. He prays for monetary damages.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a

---

[2] The plaintiff was confined at Dixon Correctional Institute ("DCI") at the time his Complaint was filed.

claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

The plaintiff alleges that he was arrested on June 17, 2013 for violation of La. R.S. 14:95.1 (Felon in Possession of a Firearm). He subsequently entered a guilty plea on November 4, 2013, and was sentenced to serve 18 years in confinement, with credit for time served from the date of his arrest.

The plaintiff further alleges that he was transferred to the Elayn Hunt Correctional Center, where he discovered that his full term release date is calculated to be June 17, 2031. He subsequently filed an administrative grievance against the DOC for unlawful detention. The plaintiff alleges, based upon the First and Second Step responses to his administrative grievance, that DOC records erroneously indicate that he committed the underlying offense for his conviction and was arrested on June 18, 2013; therefore, he is being given credit for time served beginning from June 18, 2013 rather than June 17, 2013, the date on which he alleges he was arrested. The plaintiff asserts that the alleged error amounts to an unlawful detention since he could not have committed a crime and been arrested on June 18, 2013, as he was already in custody on June 17, 2013 and was never released. He seeks $1,000 per day for each day he has been in the custody of the DOC for violations of his 4th, 8th, 13th, and 14th amendment rights, and $500,000 for mental anguish due to lost time with his wife and children.

The plaintiff's Complaint fails to state a federal constitutional claim cognizable under 42 U.S.C. § 1983, which statute provides for a private right of action against any person who, acting under color of state law, deprives an individual of rights, privileges, or immunities secured by the Constitution or laws of the United States.  First, to the extent the plaintiff is bringing a claim cognizable under § 1983, under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from any lawsuit seeking monetary damages brought in federal court by her own citizens as well as by citizens of another state.  *Edelman v. Jordan*, 415 U.S. 651, 662-63, 677 (1974).  Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under color of state law.  *See Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976); *Quern v. Jordan*, 440 U.S. 332 (1979); *Edelman v. Jordan*, *supra*.  Thus, absent congressional action, or consent or waiver by the State, not here present, the State of Louisiana is immune from suit in this action.  This shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state.  *Anderson v. Phelps*, 655 F. Supp. 560 (M.D. La.1985).  Additionally, any claim against Secretary Leblanc in his official capacity is barred by sovereign immunity.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).  Therefore, the plaintiff's claims against the DOC and Secretary Leblanc, in his official capacity, are barred by the Eleventh Amendment and must be dismissed.

As to any claim the plaintiff may be asserting against Secretary Leblanc in his individual capacity, a prisoner plaintiff is barred from the receipt of compensatory damages for mental or emotional injury in the absence of some showing of physical injury.  *See* 42 U.S.C. § 1997e(e).  Although the plaintiff might still be entitled to recover nominal or punitive damages from Secretary Leblanc in his individual capacity under § 1983, *see Hutchins v. McDaniels*, 512

F.3d 193 (5th Cir. 2007), he would still need to establish some constitutional violation by the Secretary in order to merit such recovery.

In order for a person to be found liable under § 1983, the person must have been personally involved in conduct causing an alleged deprivation of the plaintiff's constitutional rights, or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). The plaintiff has failed to include any factual allegations relative to Secretary Leblanc. Any implied allegation that Secretary Leblanc is responsible for the actions of his subordinates or co-employees is alone insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Further, in the absence of direct personal participation by a supervisory official in the alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. *Lozano v. Smith, supra*. In the absence of any such factual allegations relative to Secretary Leblanc, there is no basis for the imposition of liability against him.

To the extent the plaintiff is attacking the validity of his conviction or that his term of confinement is inaccurate by one day, this claim seeks relief obtainable only through an application for a writ of habeas corpus. This determination is made by focusing on the scope of relief sought by the petitioner. *Serio v. Members of the Louisiana State Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir. 1987). In *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), the United States Supreme Court held that a challenge by a prisoner to the fact or duration of his confinement and seeking immediate or earlier release from that confinement must be pursued

through a habeas corpus proceeding rather than through an ordinary civil rights action. Accordingly, the plaintiff's claim regarding the validity of his conviction is subject to dismissal, without prejudice to the plaintiff's right to pursue a separate claim for habeas corpus relief.

Finally, with regard to the plaintiff's claim for monetary relief as a result of his alleged wrongful confinement, this claim is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that a plaintiff's claim for monetary damages arising out of an alleged wrongful conviction or confinement is not cognizable under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. In such instance, the plaintiff must show, as a prerequisite to a claim for monetary damages, that the allegedly wrongful conviction or confinement has been invalidated by a court of competent jurisdiction in a separate proceeding. In the instant case, a resolution of the plaintiff's claim in his favor, *i.e.*, a determination that he is entitled to monetary damages because the defendants engaged in wrongdoing which resulted in his illegal confinement, would necessarily imply that such confinement should be terminated or curtailed. Since the plaintiff has failed to allege or even suggest that his confinement has been invalidated or called into question by a court of competent jurisdiction in a separate proceeding, the plaintiff's claim falls squarely within the holding of *Heck v. Humphrey*. Accordingly, his cause of action for monetary damages under § 1983 attributable to the alleged unconstitutional confinement has not yet accrued. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) ("Dismissal of the § 1983 action under 28 U.S.C. § 1915(d) is appropriate, post-*Heck*, because the plaintiff's action has been shown to be legally frivolous"). *See also Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994); and *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1997). It

is therefore appropriate that this aspect of the plaintiff's § 1983 claim be dismissed as well, with prejudice to re-assertion until the conditions set forth in *Heck v. Humphrey* are satisfied.

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed, with prejudice, as legally frivolous, and for failure to state a claim upon which relief may be granted[3] pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Signed in Baton Rouge, Louisiana, on October 23, 2015.

  
_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."